UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:09-CV-1742-B |
| CONNECTAJET.COM, INC., *et al.*, | § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the United States Securities and Exchange Commission's (SEC or the Commission) Ex Parte Motion for an Order to Show Cause Why Defendant Timothy Page Should not be Held in Civil Contempt and a Temporary Restraining Order filed September 11, 2014 (Doc. 101).[1] For the reasons below, the Court finds Timothy Page (Page) **IN CIVIL CONTEMPT** of the Court's Final Judgment as to Defendants Timothy Page and Testre LP (Doc. 91, Final Judgment). In order to purge his contempt, Page is **ORDERED** to (1) make immediate payment in the amount of $100,000 to the Commission in partial satisfaction of his Final Judgment, (2) enter into an installment payment order with the Commission whereby Page will remit an amount not less than $5,000 each month, and (3) produce non-testimonial documents and records related to Page's affiliated entities.

---

[1] The Court has already addressed the SEC's request for a temporary restraining order. Doc. 110.

I.

BACKGROUND

This is a straight-forward civil contempt case. On May 4, 2012, the Court entered a Final Judgment disgorging Page of $2,485,266, charging him $400,284 in prejudgment interest, and penalizing him $650,000. Doc. 91, Final Judgment 2–3. The Final Judgment expressly made payment of each amount enforceable by civil contempt if not paid within fourteen days of judgment. *Id.*

Payment against the Final Judgment balance has been minimal. Page has not voluntarily paid any amount due on the Final Judgment. Doc. 118, White Decl. 1. Page's wife consented to the Commission receiving $121,856.52 in excess proceeds of from the sale of shared real property located in Malibu, California. *Id.* at 1 & n.1. Aside from this, there have been no payments. *Id.*

After the judgment, Page and his wife relocated to Europe. Doc. 101-2, Roessner Decl. 2. He took "various pieces of art, and an Aston Martin" with him. *Id.* Page's wife corroborates this account, declaring that Page "bought the car before this lawsuit and long before the judgment, and he took it to Europe," and that the two "acquired [the artwork] over a thirty year period . . . before this lawsuit." Doc. 114-1, Janan Page Decl.. The Commission also alleges that since the judgment Page has received and paid out hundred of thousands of dollars through companies under his control. Doc. 117, SEC's Reply 3. Specifically, Page controlled and used New Caledonia, LLC (NC), and Chelsea Place Investments, Inc. (CPI), to make pay outs. *Id.* Page paid out $902,050.06 through NC, $676,000 of which went to CPI. *Id.* at 4. Page paid out $464,464.65 through CPI, including $387,914.11 in pay outs for personal expenses. *Id.*

The SEC's most recent brief asserts that Page is in contempt for failing to pay the amounts due on the Final Judgment. *Id.* at 4. Further, the SEC argues that relocating assets and making

payouts show Page's ability and refusal to comply with the Court's judgment. *Id.* Page's insists he has not violated any specific court order, making contempt an inappropriate remedy, and that enforcing contempt sanctions essentially violates his Fifth Amendment right against self-incrimination. Doc. 114, Def.'s Resp. 5–6.

## II.

## LEGAL STANDARD

"In a civil contempt proceeding, the movant must establish by clear and convincing evidence that (1) a court order was in effect, (2) the order required specified conduct by the respondent, and (3) the respondent failed to comply with the court's order." *United States v. City of Jackson, Miss.*, 359 F.3d 727, 731 (5th Cir. 2004); *see also Petroleos Mexicanos v. Crawford Enters.*, 826 F.2d 392, 401 (5th Cir. 1987). The movant does not need to establish willfulness. *Petroleos Mexicanos*, 826 F.2d at 401; *Jim Walter Res., Inc. v. Int'l Union, United Mine Workers Am.*, 609 F.2d 165, 168 (5th Cir. 1980) ("In civil contempt proceedings the question is not one of intent but whether the alleged contemnors have complied with the court's order.") (citation omitted). If the movant establishes a *prima facie* case, the respondent "may assert a present inability to comply with the order in question" as a defense, *United States v. Rylander*, 460 U.S. 752, 757 (1983), but bears the burden of showing entitlement to the defense by a preponderance of the evidence. *S.E.C. v. Huffman*, 996 F.2d 800, 803 & n.4 (5th Cir. 1993).

## III.

## ANALYSIS

In order to determine whether it should hold Page in contempt, the Court must resolve two issues. First, whether the SEC meets its burden of showing that Page violated the Court's Final

Judgment. Second, if the SEC meets its burden, whether Page meets his burden of showing inability to comply with the Court's Final Judgment.

A.     *Prima Facie Case*

As a preliminary matter, the Court must address the scope of its enforcement authority. Under Rule 69 of the Federal Rules of Civil Procedure, the Court may enforce a money judgment solely by a writ of execution. Whereas under Rule 70, the Court may enforce a judgment for a specific act by several means, including holding a disobedient party in contempt. Page argues that Rule 69, not Rule 70, applies. Doc. 114, Def.'s Resp. 5 ("The final judgment against Page in this case, which includes not only disgorgement but also interest and civil penalties is clearly a money judgment.") This is incorrect. The Fifth Circuit does not view a disgorgement obligation as "'a mere money judgment or debt' but rather more akin to 'an injunction in the public interest.'" *Huffman*, 996 F.2d at 802–03 (quoting *Pierce v. Vision Investments Inc.*, 779 F.2d 302, 307 (5th Cir. 1986)). Thus, the orders for disgorgement and payment of associated interest and civil penalties constitute judgments for specific acts enforceable by contempt sanctions pursuant to Rule 70. *See id.*; *see, e.g., S.E.C. v. Allen*, No. 3:11-CV-882-O, 2014 WL 99974, at *3 (N.D. Tex. Jan 10, 2014). Because the Court can enforce the Final Judgment by contempt sanctions, it must now determine whether the SEC has established a *prima facie* case.

The SEC has the burden to show, by clear and convincing evidence, that: (1) there was an order in effect, (2) that required specific conduct by Page, with which (3) Page failed to comply. Here, the SEC relies on the Court's Final Judgment, which orders disgorgement and payment of associated interest and civil penalties within fourteen days of judgment. This satisfies the first two elements. *See Allen*, 2014 WL 99974, at *3. Page also has not made any payments towards the

judgment, and has admitted to taking valuable, non-essential possessions with him when he relocated to Europe. Doc. 114, Def.'s Resp. 5. This satisfies the third element. *See, e.g., City of Jackson, Miss.*, 359 F.3d at 731; *Allen*, 2014 WL 99974, at *3. Thus, the Court concludes that the SEC has met its burden and has established that Page violated the Final Judgment. Therefore, the Court must now determine whether Page has established the defense of inability to comply with the Final Judgment.

B.  *Inability to Comply*

Page has the burden to show, by a preponderance of the evidence, that it was factually impossible for him to comply with the Final Judgment. *Rylander*, 460 U.S. at 757; *Huffman*, 996 F.2d at 803 & n.4. To do this, Page must: "(1) explain categorically and in detail why he is unable to pay and (2) establish that his inability to pay was not self-imposed." *Allen*, 2014 WL 99974, at *4 (citing *Chi. Truck Drivers v. Brotherhood Labor Leasing*, 207 F.3d 500, 506 (8th Cir. 2000)). Page does not explain his inability to pay or that his inability was not self-imposed; rather, Page appears to argue that requiring him to establish his inability to pay would amount to an accounting, violating his Fifth Amendment rights, and that because the Fifth Amendment is implicated, general contempt case law is inapposite. Doc. 114, Def.'s Resp. 4, 6–7. This is incorrect. The Supreme Court has held, in the contempt context, that Fifth Amendment privilege may be an adequate reason to not compel evidence,[2] but it does not substitute for relevant evidence. *Rylander*, 460 U.S. at 761.[3]

---

[2] "To qualify for the Fifth Amendment privilege, a communication must be testimonial, incriminating, and compelled." *Hiibel v. Sixth Judicial Dist. Court of Nevada, Humboldt Cnty.*, 542 U.S. 177, 189 (2004) (citing *United States v. Hubbell*, 530 U.S. 27, 34–38 (2000)). Non-testimonial communications are not privileged. *See id.*

[3] Page distinguishes *Rylander* from this case by framing this case as a "short cut to collect on a judgment." Doc. 114, Def.'s Resp. 4. This is a mischaracterization. Rule 70 clearly allows the SEC to collect on the Final Judgment through contempt sanctions. The SEC is not seeking a short cut to collect. A short cut implies a faster route. The faster route would have been for Page to pay his judgment as ordered.

In fact, the Court may, in its discretion, draw an adverse inference against a defendant who asserts his Fifth Amendment privilege in a civil action. *See Hinojosa v. Butler*, 547 F.3d 285, 291 (5th Cir. 2008) (citing *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976)). Such adverse inferences are not uncommon in SEC enforcement actions, and may apply to interrogatory responses. *See, e.g., S.E.C. v. Asset Recovery & Mgmt. Trust, S.A.*, No. 2:02-CV-1372-WKW, 2008 WL 4831738, at *8 (M.D. Ala. Nov. 3, 2008) (drawing an adverse inference against defendant who invoked his Fifth Amendment privilege in declining to respond to interrogatories); *S.E.C. v. Musella*, 578 F. Supp. 425, 429–30 (S.D.N.Y. 1984) (same, in declining to respond to deposition questions).

Here, it appears unnecessary for the Court to draw an adverse inference against Page, though if necessary, it does. The SEC has provided clear and convincing evidence Page violated the Final Judgment, and Page has provided no evidence to show inability to comply. While the Court may not compel Page to provide self-incriminating evidence, asserting Fifth Amendment privilege does not satisfy his burden of proof. *See Rylander*, 460 U.S. at 761. There is no evidence that Page was unable to pay. In fact, Page has admitted to relocating assets that could have been used for payment in the mid-to-high five figures. Doc. 114, Def.'s Resp. 5. Thus, the Court concludes that Page did not meet his burden. He has not shown inability or impossibility to comply with the Final Judgment.

## IV.

## CONCLUSION

As the SEC has shown through clear and convincing evidence that Page violated the Court's Final Judgment, and Page has failed to meet his burden of showing by a preponderance of evidence his inability to comply with the Court's Final Judgment, the Court hereby **FINDS TIMOTHY PAGE IN CIVIL CONTEMPT** due to his violation of the Court's Final Judgment. In order to

purge this contempt, Page is **ORDERED** to (1) make immediate payment in the amount of $100,000 to the Commission in partial satisfaction of his Final Judgment, (2) enter into an installment payment order with the Commission whereby Page will remit an amount not less than $5,000 each month, and (3) produce non-testimonial documents and records related to Page's affiliated entities.[4]

SO ORDERED.

SIGNED: October 16, 2011.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

---

[4] These documents and reports are non-testimonial and therefore not privileged. *Supra* note 2.